IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 527 PENSION PLAN | § § § § | |
| VS. | § § | CIVIL ACTION NO. G-06-669 |
| ALTEC ELECTRICAL, INC. | § § | |

## FINDING OF FACTS AND CONCLUSIONS OF LAW

On October 15, 2007, this case was tried to the Court with the consent of the Parties pursuant to 28 U.S.C. § 636(c). The Court, having heard the evidence and arguments of counsel now issues the following Finding of Facts and Conclusions of Law.

1. That Plaintiff, International Brotherhood of Electrical Works Local Union No. 527 Pension Plan (The Plan) is a multi-employer Employee Pension Plan, as defined by the Employee Retirement Income Security Act (ERISA), jointly established by the International Brotherhood of Electrical Workers Local Union No. 527 (The Union) and various employers in an industry affecting commerce, whose employees are union-represented for collective bargaining purposes, including the provision of retirement benefits.

2. That Defendant, Altec Electrical, Inc., (Altec), a Texas corporation, is an electrical contractor and, through its predecessor, Jones Electric Co., a signatory of a "Letter of Assent," dated December 18, 1989, agreeing to be bound by, *inter alia*, the terms of the Plan until properly terminated by Altec.

3. That the Plan required Altec to submit periodic payments to the Plan on behalf of its employees to fund the Pension Plan.

4. That during the 2003 Plan year, Altec completely withdrew from the Plan and ceased to honor its contribution obligations under the Labor Agreement effective at that time.

5. That on May 22, 2003, Altec notified Sam Marullo, the Business Manager of the Union and the Board Chairman of the Plan, that it was terminating the Agreement memorialized in the Letter of Assent effective August 26, 2003, the termination date of the then current Labor Agreement.

6. That pursuant to ERISA, the Plan's actuaries determined that as a result of Altec's withdrawal from the Plan, it had incurred withdrawal liability in the amount of $170,207.00 which was payable by Altec in quarterly payments.

7. That at no time did Altec seek to arbitrate any dispute concerning the actuaries' determination of the amount of withdrawal liability and the statutory deadline to seek arbitration has now passed.

8. That by failing to initiate timely arbitration the amount of withdrawal liability as calculated by the Plan's actuaries became due and payable, 29 U.S.C. § 1401(b)(1).

9. That by letter dated June 5, 2006, the Plan demanded that the quarterly payments of $4,991.00 each begin on September 1, 2006.

10. That after Altec failed to make the September 1, 2006, payment, the Plan declared Altec in default for the entire amount of the withdrawal liability payments, pursuant to 29 U.S.C. §1399(c)(5), and filed this action on June 19, 2007.

11. That Altec's discussions with Sam Marullo about its possible re-entry into the Plan did not perfect a re-entry.

12.     That, regardless of the sincerely of Altec's belief to the contrary, no enforceable agreement on its re-entry was ever reached and the Plan was, therefore, free to terminate any further negotiations when it did so on October 18, 2006.

13.     That Altec has made no payments of any amounts of its withdrawal liability obligation and there is now due and payable from Altec to the Plan, the amount of $170,702.00.

14.     That the Plan is entitled to Judgment against Altec for the withdrawal liability amount of $170.207.00, with interest thereon until paid, together with reasonable attorney's fees and costs of litigation.  29 U.S.C. § 1132(g)(2)

**DONE** at Galveston, Texas, this ____23rd____ day of October, 2007.

_____
John R. Froeschner
United States Magistrate Judge